# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| GLOBAL IP HOLDINGS, LLC<br><br>      PLAINTIFF,<br><br>V.<br><br>KRIA BOTANICALS LLC<br><br>      DEFENDANTS | CIVIL ACTION NO. 2:25-cv-00598 |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Global IP Holdings, LLC ("Global IP" or "Plaintiff"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendant Kria Botanicals, LLC as follows:

## THE NATURE OF THIS ACTION

2. Plaintiff brings this action against Kria Botanicals LLC pursuant to 35 U.S.C. § 1, et. seq. including without limitation 35 U.S.C. §§ 271, 281, 283, 284, & 285 inclusive, based on Defendant's unauthorized use of the patented processes described in U.S. Patent Nos. 10,507,407 and 10,814,248 (collectively, "the Patents-in-Suit"). Defendant has infringed the Patents-in-Suit, thereby necessitating this lawsuit.

## THE PARTIES

3. Plaintiff is a California limited liability corporation having a principal address at 12400 Ventura Blvd., #635, Studio City, California 91604. Plaintiff is the owner of the Patents-in-Suit by assignment.

4. Defendant is a Vermont limited liability corporation with headquarters at 856 Hercules Dr, Colchester, VT, 05446, in this judicial district. Kria Botanical, LLC uses the patented process and makes, uses, offers to sell, and sells products made using the patented process throughout the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

7. This Court has personal jurisdiction over Defendant Kria because Kria Holdings Corp. has a regular and established place of business in this district and has a regular place of business in this district at 224 W. Hill Street, 4th Floor, Chicago, Illinois 60610.

8. Venue is proper in this District for Defendants pursuant to 28 U.S.C. §§ 1400(a), 1400(b) and because Defendant maintains a regular and established place of business in this District and has committed acts of infringement, including practicing the patented process, as well as the development, support, use, sale, and offers to sell products produced using infringing processes.

## THE PATENTS-IN-SUIT

9. On December 17, 2019, United States Patent No. 10,507,407 ("the '407 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '407 patent is attached hereto as **EXHIBIT A**.

10. The '407 Patent claims patent-eligible subject matter and is valid and enforceable.

11. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '407 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '407 Patent.

12. Defendant is not licensed to the '407 Patent, either expressly or implicitly, nor does Defendant enjoy or benefit from any rights in or to the '407 patent whatsoever.

13. On October 27, 2020, United States Patent No. 10,814,248 ("the '248 Patent"), entitled "Methods to reduce chlorophyll co-extraction through extraction of select moieties essential oils and aromatic isolates" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '248 patent is attached hereto as **EXHIBIT B.**

14. The '248 Patent claims patent-eligible subject matter and is valid and enforceable.

15. Plaintiff is the exclusive owner by assignment of all rights, title, and interest in the '248 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '248 Patent.

16. Defendant is not licensed to the '248 Patent, either expressly or implicitly, nor does Defendant enjoy or benefit from any rights in or to the '248 patent whatsoever.

17. Together, U.S. Patent No. No. 10,507,407 and U.S. Patent No. 10,814,248 are referred to as the "Asserted Patents."

18. At all times, Plaintiff has complied with the marking requirements of 35 U.S.C. § 287.

19. As set forth below and in the attached claim charts, Defendant Kria practices the claims of the '407 Patent and the '248 Patent. By way of example, the attached claim charts describe the production process used by Defendants.

## DEFENDANT'S INFRINGING ACTIVITIES

20. Defendant's infringing activities include extraction of compounds including cannabinoids from hemp plant substrate using the methods claimed in the Asserted Patents.

21. For example, Defendant uses the Delta Separations (now known as ExtractionTek) Cup 15 Ethanol Extraction System equipment to accomplish extraction of compounds including cannabinoids from hemp plant substrate. As described, the method employed by the Defendant using this equipment infringes one or more claims of each of the Asserted Patents. The method employed by Defendant using the Cup 15 equipment is referred to herein as the Accused Method.

22. On information and belief, Defendant Kria may make adjustments to the Accused Method in connection with extracting compounds including cannabinoids from hemp plant substrate. The Accused Method nevertheless remains an infringing method in all relevant

respects as described herein and in the attached claim charts, despite any such adjustments to the Accused Method.

23.     Publicly available materials that describe certain aspects of the Accused Method are published by Kria at https://kriabotanicals.com/extraction/; https://kriabotanicals.com/blog/ethanol-and-co2-extraction/; and https://www.instagram.com/p/B76t-mABdUr/; and by equipment distributors or sellers at https://www.scisolinc.com/wp-content/uploads/2021/09/Delta_Separations_CUP-30_SpecSheet.pdf; https://www.scisolinc.com/product/ethanol-extraction-system-cup-series/; and https://extractiontek.com/equipment/the-cup-series-ethanol-alcohol-extraction-system-2/.

24.     Kria uses the equipment to perform ethanol extraction of cannabinoids. The process excludes the use of liquid carbon dioxide. Kria uses ethanol or an ethanol-based solvent in the Accused Method.

25.     As described by the equipment manufacturer, the CUP 15 equipment claims a "low temperature rating to -40C" during the extraction process. The Accused Method includes pre-processing comprising lowering the temperature of the solvent to a range of -30 degrees C to -50 degrees C.

26.     During the Accused Method, Kria brings the cooled solvent into contact with the plant substrate to create an emulsion. This is done with the solvent at a temperature of between -30 degrees C to -50 degrees C. On information and belief, the solvent is cooled to -40 degrees C during this step of the Accused Method.

27.     Defendant's Accused Method also includes a step of atmospheric evaporation of the solvent for reduction of the emulsion. Atmospheric evaporation is accomplished by use of a

falling film evaporator which is responsible for splitting the ethanol solvent from the crude extract.

28.     The Accused Method also includes recovering of solvent from the emulsion. The CUP equipment used by Defendant in the Accused Method advertises that "the ethanol recovered in this process can get used again for future extractions…."

29.     Defendant's Accused Method also includes a step of purging under vacuum to remove remaining solvent from the extract whereby a resulting extract is substantially free of any lipids and chlorophyll. The Accused Method employs a wiped film distillation system that purges under vacuum.

30.     Defendant's Accused Method uses a "high-proof ethanol as a solvent." On information and belief, the Accused Method utilizes an ethanol solvent that is comprised of 95% ethanol and 5% of a solvent that does not comprise ethanol. As set forth in the accompanying declaration of Yevgeniy Galyuk, a 95/5 ethanol-based solvent is now in common use in the industry. See EXHIBIT E.

## COUNT I:

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,507,407

31.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

32.     Defendants infringe at least claim 1 of the '407 Patent by employing an extraction process that meets each element recited in claim 1. A claim chart showing detailed allegations of how Defendants' process meets each element of claim 1 of the '407 Patent is attached hereto as

**EXHIBIT C.** A declaration regarding the use of ethanol solvents relevant to the allegations of infringement of the claims of the '407 Patent is attached hereto as **EXHIBIT E.**

33.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '407 Patent by using the infringing extraction process described in the attached claim charts.

34.     Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations regarding the '407 Patent.

35.     Plaintiff has been damaged as the result of Defendants' infringement of the '407 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

36.     On information and belief, Defendant's infringement of the '407 Patent has been willful and merits increased damages. Defendant's infringement has been willful since at least the date of the filing of this complaint.

## COUNT II:
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,814,248

37.     Plaintiff restates and realleges the preceding paragraphs of the Complaint as if fully set forth herein.

38.     Defendants infringe at least claim 1 of the '248 Patent by employing an extraction process that meets each element recited in claim 1. A claim chart showing detailed allegations of how Defendants' process meets each element of claim 1 of the '248 Patent is attached hereto as **EXHIBIT D.** A declaration regarding the use of ethanol solvents relevant to the allegations of infringement of the claims of the '248 Patent is attached hereto as **EXHIBIT E**.

39. Defendants have, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '248 Patent by using the infringing extraction process described above and in the attached claim charts.

40. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations regarding the '248 Patent.

41. Plaintiff has been damaged as the result of Defendants' infringement of the '248 Patent, in an amount to be determined at trial, but not less than a reasonable royalty.

42. On information and belief, Defendant's infringement of the '248 Patent has been willful and merits increased damages. Defendant's infringement has been willful since at least the date of the filing of this complaint.

## PRAYER FOR RELIEF

A. For a judgment declaring that Defendants have infringed upon each of the Patents-in-Suit.

B. For a judgment declaring that Defendants' infringement of the Patents-in-Suit has been willful and for enhancement of damages in accordance with 35 U.S.C. 284;

C. For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined;

      D.      For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

      E.      For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

      F.      For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284; and

      G.      For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Dated: June 26, 2025                                Respectfully submitted,

                                                                                                            /s/ Andrew C. Boxer_____
Andrew C. Boxer, Esq.
Boxer Blake & Moore PLLC
6 Common Street
P.O. Box 948
Springfield, VT 05156


Joseph J. Zito (pro hac pending)
DNL ZITO
1250 Connecticut Ave., NW #700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

*Attorneys for Plaintiff*
*Global IP Holdings, LLC*